IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BELOIS CRAVEN | * |
| Plaintiff | * |
| v. | * Civil Action No.: 1:24-CV-01936-ABA |
| WALMART, INC. | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff Belois Craven, by and through her attorneys Brandon C. James, and the Law Offices of Barry Glazer, LLC, and submits this Opposition to Defendant's Motion for Summary Judgment, and in support thereof states:

**UNDISPUTED FACTS**

On February 11, 2023, Plaintiff went shopping at the Walmart Store located at 6420 Petri Way, Rosedale, Maryland 21237 ("Premises"). **Craven Dep. attached as Exhibit A[1] at 20:4-11.** When Plaintiff arrived at the Premises, she selected an electric scooter to assist her with shopping. **Id. at 22:2-5**. Plaintiff had difficulties starting the electric scooter and the electric scooter began to jerk. **Id. at 29:4-9**. To be clear, prior to any clothing being tangled in the wheels of the electric scooter, the electric scooter would buck back and forth. **Id. at 71:7-12, 29:19-20**. Because of the jerking from the electronic scooter, Plaintiff crashed into a shelf, which caused a deep cut to appear on her leg. **See Belois Craven's Answer to Interrogatories attached as Exhibit B at answer two.** Throughout the discovery process, it has been discovered that Defendants only conduct inspections of the electrical

---

[1] Defendant's Motion for Summary Judgment does not include the full deposition transcript of Plaintiff.

scooter bi-annually and Defendants cannot identify when the electrical scooters were last inspected. **See Defendant's Answer to Interrogatories #8 attached as Exhibit C.**

## STANDARD OF REVIEW

Summary judgment should be entered only when the pleadings, depositions, affidavits, and admissions filed in the case "show that [except as to the amount of damages] there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56 (c), Fed. Rules Civ. Proc. This rule authorizes summary judgment "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Sys.*, 1962 U.S. LEXIS 2315, *8.

A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." In considering a motion for summary judgment, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. The plaintiff is entitled to have the credibility of all his evidence presumed. The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. *Shaw v. Stroud*, 13 F.3d 791, 798.

Because this case invokes our diversity jurisdiction, we apply controlling state law on settled issues and predict how the state's highest court would rule on unsettled issues. If the state's highest court "has spoken neither directly nor indirectly on the particular issue before us," decisions from the state's intermediate appellate courts "constitute the next best indicia of what state law is, although such decisions may be disregarded if the federal court is convinced by other persuasive data that the highest court of the state would decide otherwise*." Smith v. Schlage Lock Co., LLC*, 986 F.3d 482, 486.

## ARGUMENT

**A.  The Electric Scooter was a Dangerous Condition Placed on the Premises by Defendant.**

As noted in Plaintiff's Complaint, Answer to Interrogatories, Admission of Fact, and Deposition testimony, Plaintiff has always asserted that the electric scooter was defective and dangerous. In Plaintiff's Answer to Interrogatories, Plaintiff was asked to describe the occurrence and stated:

> 2.      Give a concise statement of the facts upon which you expect to rely at trial in the above-captioned matter. Include in your answer the identity of all persons with personal knowledge of all facts alleged in the Complaint, stating the name, address, and phone number of every person who was an eyewitness to all or part of the alleged occurrence that is the subject matter of this lawsuit. If you have any written instrument upon which you are relying, attach to your Answers to these Interrogatories the original or an exact copy of any said written instrument.
>
> ANSWER:   On February 11, 2023, Plaintiff entered the premises of Defendant's premises located at 6420 Petrie Way, Rosedale, MD 21237. Upon entering the premises, Plaintiff obtained a scooter from Defendant. When riding in Defendant's scooter, the scooter began to malfunction and perform erratically. As a result, Defendant's scooter crashed into a shelf, causing the shelf to fall on Plaintiff's leg, causing significant injuries.

**Exhibit B**.

At Plaintiff's deposition, Plaintiff multiple times confirmed that the defective scooter is what caused her injury:

> ··Q.··So when you first started riding it it
> started okay and it was smooth, but it was slow?
> ··A.··Yes.
> ··Q.··Okay.· How long did you ride the scooter
> cart before it started jerking?
> ··A.··A couple seconds.

**Craven Dep. 29:19-20**

Plaintiff was asked whether or not the electric scooter began to jerk prior to being tangled in clothing, which Plaintiff affirmed:

> ··Q.··Ms. Craven, maybe there was a lack of
> communication so I need you to understand what

> I'm saying so that we can get this clear for the
> record, okay?
> ··A.··Yes.
> ··Q.··Okay.· Now, before you got tangled up
> with the clothing, the scooter was already
> bucking and jerking and going back and forth,
> right?
> ········MS. KYLIS:· Objection.
> ··Q.··You can answer the question.
> ··A.··Yes, but I was already, you know, at my
> destination.
> ··Q.··Right.· But before the scooter got
> tangled in the clothing, the scooter was already
> bucking back and forth?
> ········MS. KYLIS:· Same objection.
> ··Q.··You can answer.
> ··A.··Yes.
> ··Q.··Okay.

**Craven Dep. 71:7-12**

It is clear from the Complaint and discovery responses that the electric scooter began to jerk violently by itself which caused Plaintiff to lose control of the electric scooter, ride over clothing, and slam into a wall which cut her leg.

    Interestingly, Defendant's Motion for Summary Judgment does not argue that an erratic behaving electric scooter is not a dangerous condition. Rather, Defendant's counsel attempts to confuse this Court to have it believe the reason for the electric scooter malfunction was simply because Plaintiff was not paying attention. Thus, Defendant concedes that an erratic behaving electric scooter is a dangerous condition.  The question for this Court is whether Plaintiff caused her own injury or was it caused by a malfunctioning electric scooter. At best, there is a genuine dispute of material fact which forbids this Court from granting Summary Judgment. *Poller.*

    **B. Defendant Failed to Conduct Routine Inspections of the Dangerous Electric Scooter, thus Defendant had Constructive Notice of the Dangerous Electric Scooter.**

    An action for negligence requires, of course, proof of negligence, but it requires proof of other elements as well. "[t]o succeed in a negligence action, the plaintiff must [allege and] establish the

following: '(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty *Valentine v. On Target*, 112 Md. App. 679, 683.  The owner of a property will be liable to invitees in negligence if "(1) the [owner] controlled the dangerous or defective condition; (2) the [owner] had knowledge or should have had knowledge of the injury causing condition; and (3) the harm suffered was a foreseeable result of that condition. *Hansberger v. Smith*, 229 Md. App. 1, 21.

It is well-settled that the duty of an owner or occupier of land "depends upon the status of the plaintiffs at the time of the accident." In Maryland, the duty that an owner or occupier of land owes to persons entering onto the land varies according to the visitor's status as a invitee (i.e. a business invitee), a licensee by invitation (i.e., a social guest), a bare licensee, or a trespasser. The highest duty is owed to a business invitee, defined as "one invited or permitted to enter another's property for purposes related to the landowner's business." *Tennant v. Shoppers Food Warehouse Md Corp*., 115 Md. App. 381, 387-388. (internal citations omitted).

Nevertheless, an owner or occupier of land only has a duty to exercise reasonable care to "protect the invitee from injury caused by an unreasonable risk" that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety, and about which the owner knows or could have discovered in the exercise of reasonable care. The duties of a business invitee thus include the obligation to warn invitees of known hidden dangers, **a duty to inspect[2]**, and a duty to take reasonable precautions against foreseeable dangers. *Id*. (internal citations omitted).

*Tennant* is on point with the instant case. In *Tennant*, the Plaintiff slipped and fell in a super market due to "a pile of cabbage or spinach leaves that had been swept into a "neat pile."' *Id*. at

---

[2] Contrary to what Defendant's Motion for Summary Judgment states, the Court of Appeals holds "we assume that periodic inspections are necessary." *Lexington Market Authority v. Zappala*, 233 Md. 444, 446.

384. Defendants in *Tennant*, similar to Defendants in this matter, attempted to assert that Plaintiff must give a timeframe for when the dangerous condition was created. The Court clarified that "*Moulden*, like *Zappala*, suggests that the notice issue generally arises when the dangerous condition is created by a **third party**. Usually, in such cases, the plaintiff claims that the defendant has breached its duty to inspect for dangers created by third parties, including other invitees. These cases are not persuasive in this matter." *Id*. at 394. Because the pile of cabbage or spinach leaves had been swept into a neat pile, "[i]t follows, at least by inference, that appellee's own employee(s) knew what had been done in sweeping the refuse into a pile and leaving it, and in placing the empty box under the display case." *Id*. The Court then reversed the grant of summary judgment.

Likewise, in *Weikers v. Eleven Slade Apt. Corp*., 2023 Md. App. LEXIS 266, *16, the Appellate Court of Maryland held that a Defendant had constructive notice of a latent defect when it failed to make reasonable inspections. In *Weikers*, the Plaintiff tripped and fell as she was exiting her vehicle. *Id*. at *2. The Plaintiff slipped on a metal object which was hanging over the curb. *Id*. The only testimony regarding the condition of the metal object before the incident was that the metal object was not observed and the proper condition that the metal object should have appeared. *Id*. at *4. Despite the Plaintiff not being able to identify the condition of the metal object before she fell or how long the metal object was in a dangerous condition, the Court held that "a reasonable juror could conclude that a visual inspection would have provided [Defendant] notice that the banding was hanging over the curb prior to [Plaintiff's] fall." *Id*. at *17.

Additionally, in *Hemmings v. Pelham Wood Ltd. Liab. Ltd. P'ship*, 375 Md. 522, 546, in the context of a landlord's duty with respect to security, the Court held that Defendants "ha[ve] a duty to maintain and regularly **inspect** the devices implemented to deter criminal activity." The Court

further explained that "[t]his obligation is analogous to a landlord's duty to "exercise ordinary care and diligence to maintain [areas under its control] in a reasonably safe condition." *Id*.

Maryland law does not require a Plaintiff to present evidence of "time on the floor". However, Maryland law does require landowners to conduct routine inspections of property. In the instant case, Defendant had a dangerous electric scooter on their premises which they admit they only inspect twice a year. **Exhibit C at answer number 8**. Further, Defendant cannot state the last time the electric scooter was inspected. **Id**. It is for a jury to determine whether a biannual inspection is reasonable. Defendant has failed to provide one example of any Court holding that a biannual inspection is reasonable. Therefore, Defendants have failed to meet their burden of proof to show that summary judgment must be granted as a matter of law. *Shaw*.

### C. Plaintiff can Establish Causation.

Plaintiff's discovery responses make clear she can prove causation. Plaintiff's Answer to Interrogatories state that because of the dangerous electric scooter, Plaintiff "crashed into a shelf, causing the shelf to fall on Plaintiff's leg." **Exhibit B at answer number 2**.

It is true that Plaintiff did not originally feel the pain from the incident because her leg is numb. Attached is an image from the hospital of Plaintiff's leg which shows a deep cut in her leg. **See photograph attached as Exhibit D.** Although Plaintiff did not feel any pain, Plaintiff can state that she crashed into a shelf which fell on her leg, shortly after this a random person informed her that the same leg had a major cut, and then she went to the hospital where the wound required countless stitches. Again, Defendant has failed to provide one case that requires a Plaintiff to feel pain to prove causation. As such, Defendant's Motion for Summary Judgement on this basis should be denied.

### D. There is a genuine dispute of material facts regarding whether Plaintiff assumed the risk.

As noted *supra*, there is a genuine dispute of material fact regarding whether Plaintiff caused the

electric scooter to crash or whether the electric scooter crashed on it's own. For the same reasons listed in section A of this Opposition, it would be inappropriate for this Court to grant summary judgment. Therefore, the Motion for Summary Judgment should be denied for this reason too.

## **CONCLUSION**

There is a genuine dispute of material fact between the parties which precludes this Court from granting summary judgment. The discovery record reflects that Plaintiff has stated multiple times that she crashed into a shelf on the Premises due to an erratic behaving electric scooter. Defendant has presented evidence which it claims to suggest otherwise. This is a genuine dispute of material fact between the parties.

Furthermore, Defendant admits that it does not know the last time the electric scooter was inspected and that the electrical scooter is only inspected bi-annually. It is for the jury to determine whether bi-annual inspections of the electrical scooter was reasonable. Thus, summary judgment would be inappropriate.

Respectfully submitted,

Law Office of Barry Glazer, LLC


\_\_\_/s/_____
Brandon C. James, Esq.
AIS No.: 2101130004
P.O. Box 27166
1010 Light Street
Baltimore, MD 21230
Phone: (410) 547-8568
Fax: (410) 547-0036
Email: Bjames@barryglazer.com
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I CERTIFY that on May 9, 2025, the following has been sent to all counsel of record via the Court's electronic filing system.

                                        ___/s/_____
                                        Brandon C. James, Esq.